IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:06CR85 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| LUIS E. MACEDO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

   This matter is before the court on the defendant's objections, Filing No. 22, to the report and recommendation ("R&R"), Filing No. 19, of the magistrate, denying defendant's motion to suppress, Filing No. 9.  Defendant is charged in the indictment with knowingly and intentionally possessing with the intent to distribute five grams or more of cocaine in violation of 21 U.S.C.§§ 841(a)(1) and 841(b)(1).  Filing No. 1.  Pursuant to 28 U.S.C. § 636(b)(1), the court has conducted a de novo determination of those portions of the R&R to which the defendant objects.  *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003).  The court has reviewed the entire record including the transcript of the hearing held on May 23, 2006, Filing No. 18, and the videotape of the stop, Ex. 2, and the relevant case law.  The court concludes that the magistrate's report and recommendation is adopted in its entirety.

   Nebraska State Trooper Dean Riedel testified that on or about March 1, 2006, he observed a vehicle which he believed was following another vehicle too closely.  He watched the same vehicle make two improper lane changes by failing to signal the change.  He then effectuated a traffic stop.  Trooper Riedel determined that the vehicle driven by the defendant had been rented in Los Angeles.  He testified that the defendant appeared very

nervous, spoke rapidly, had beads of sweat on his forehead and was shaking. Trooper Riedel issued the defendant a warning ticket and returned his driver's license and then asked defendant if he would be willing to answer additional questions. Trooper Riedel asked these additional questions, as he believed defendant had responded inconsistently about his trip. The defendant agreed to answer additional questions, and Trooper Riedel then noted that his carotid artery began to pulse, he began to sweat again, and he broke eye contact with Trooper Riedel. Trooper Riedel then asked for consent to search the vehicle, and the defendant said "go, uh huh" and then apparently gestured in such a way as to agree to the search. Trooper Riedel told defendant to honk the horn if he wanted to talk at any time during the search. Within approximately ten minutes, Trooper Riedel and an officer who had joined him discovered cocaine.

      The parties agree that the police trooper had probable cause to stop the defendant. The magistrate determined that once the defendant received his warning ticket and his license, he was then free to leave. The magistrate further concluded that the defendant voluntarily answered questions and voluntarily consented to the search of the vehicle. The defendant objects to these findings and argues that a reasonable person would not have believed he was free to leave when Trooper Riedel began to ask him questions. The defendant also argues that a reasonable person would not feel free to refuse the request to search a vehicle following the questioning by Trooper Riedel.

      The law is otherwise. The Eighth Circuit has routinely held that police may ask a defendant if he will permit further questions and conversation. *United States v. Santos-Garcia*, 313 F.3d 1073, 1078 (8th Cir. 2003). "Although there is no litmus test for determining when an encounter becomes a seizure, we have noted that circumstances

2

indicative of a seizure may include" displays of weapons, physical touching of the person, use of language or voice tone that would require compliance, and the presence of multiple officers. *United States v. White*, 81 F.3d 775, 779 (8th Cir. 1996). As in *White*, the magistrate in this case found the subsequent contact was consensual and that no factors existed to indicate a seizure had occurred. The court agrees. Once the license and warning had been received by the defendant, he was not longer seized as contemplated by the Fourth Amendment. *Santos-Garcia*, 313 F.3d at 1078. Accordingly, the court agrees with the magistrate and finds that the contact and questioning following return of the license and issuance of the warning ticket is consensual.

Likewise, the court finds the defendant voluntarily consented to search of the vehicle. *See United States v. Bradley*, 234 F.3d 363, 366 (8th Cir. 2000). The court agrees with the magistrate that the recording corroborates most of Trooper Riedel's version of the conversation and that sufficient evidence has been presented to show consent to search.

IT IS ORDERED:

1. Defendant's objections, Filing No. 22, are overruled;

2. Defendant's motion to suppress, Filing No. 9, is denied; and

3. The report and recommendation of the magistrate, Filing No. 19, is adopted.

DATED this 11th day of August, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge